UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MICHAEL VONDETTE,                              MEMORANDUM
                                                AND
                Petitioner,                    ORDER

    - against -                                06-CV-3570 (TCP)

PAUL LAIRD,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PLATT, District Judge.

      Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, whereby Petitioner seeks to be "released from his unconstitutional continued incarceration" or alternatively to be released on bail pending this Court's determination of whether to resentence Petitioner. In connection with this petition is Petitioner's motion for recusal of this District Court Judge pursuant to 28 U.S.C. § 455(a) and (b), and Petitioner's motion to change venue to a different court within the Eastern District of New York.

      For the following reasons, the petition is **DENIED** in its entirety.

## BACKGROUND

      After two jury trials, the first of which ended in a mistrial, Michael Vondette ("Vondette" or "Petitioner") was found guilty of one count of

conspiring to distribute hashish, marijuana, and methaqualone, and one count of conspiring to launder money. Vondette was represented by counsel during his first trial. However, after the first trial ended in a mistrial, Vondette's counsel sought to be relieved due to Vondette's inability to pay his trial counsel. Vondette proceeded to represent himself during the second trial with the assistance of a legal advisor appointed by this Court. The second trial lasted three weeks and resulted in a guilty verdict. In 2002, this Court sentenced Vondette to 40 years in prison.

Vondette appealed his conviction arguing, among other things, that this Judge's conduct during the trial deprived Vondette of a fair trial and venue in the Eastern District of New York was inappropriate. On August 27, 2003, the Second Circuit Court of Appeals affirmed the judgement holding that this Judge's conduct during the trial did not deprive Vondette of a fair trial and venue in the Eastern District of New York was indeed appropriate. United States v. Vondette, 2003 U.S. App. LEXIS 17952 (2d Cir. Aug. 27, 2003).

During the pendency of Vondette's appeal, the Supreme Court handed down its decision in United States v. Booker, 543 U.S. 220 (2005).[1] Pursuant to

---

1. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory application of the Federal Sentencing Guidelines was unconstitutional. In a two-part opinion, the Court first held that "judicial fact finding that increases the maximum lawful penalty, if required by the Guidelines," is unconstitutional. Id. (Substantive Opinion). Next, the Court

Booker, the Supreme Court remanded Vondette's sentence to the Second Circuit for further consideration in light of Booker. Vondette v. United States, 543 U.S. 1108 (2005). The Second Circuit then remanded Vondette's sentence to this Court to consider whether to resentence Vondette in light of Booker and the Second Circuit's decision United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).[2]

Since the Second Circuit's remand, Vondette filed approximately nine motions, including a motion for a de novo resentence, which will be addressed in a separate order.[3] This Order addresses the following: (1) Vondette's motion to recuse this District Court Judge from all subsequent proceedings in his case pursuant to 28 U.S.C. §§ 144 and 455(a) and (b); (2) Vondette's motion to change venue to another court within the Eastern District for purposes of his habeas petition; and (3) Vondette's § 2241 habeas petition seeking either immediate

---

"severed two provisions in the Guidelines, one section which mandated the use of the guidelines and another section with set forth standards of review on appeal." Id. (Remedy Opinion). The Booker opinion affected cases which were pending on appeal at the time the Supreme Court handed down its decision. Thus, cases which were not final as of January 12, 2005, the date that Booker was issued, were remanded to the respective courts of appeals for consideration in light of the Court's holding in Booker.

2. In Crosby, the Second Circuit Court of Appeals set forth standards for district courts reviewing sentences imposed before Booker but not final as of the date Booker was issued. In determining whether to resentence, the Crosby court instructed district courts to apply the doctrines of harmless error and plain error review and to determining whether to resentence in accordance with those prudential doctrines. Crosby, 397 F.3d at 116.

3. At this point Vondette has filed approximately ninety (90) motions in his case.

release from his continued unconstitutional confinement, or alternatively, seeking immediate release on bail pending this Court's determination of whether to resentence the Petitioner in light of Booker and Crosby.

**DISCUSSION**

**I.      Recusal of the District Court Judge Pursuant to 28 U.S.C. § 455**

Petitioner seeks my recusal from all subsequent proceedings in his case pursuant to 28 U.S.C. § 455(a) and (b). Vondette argues that I *must* recuse myself because my conduct and rulings up to, during, and after trial would lead an objective person to question my impartiality. In addition, Vondette argues that I *should* recuse myself because I demonstrated personal bias, animus, and partiality towards Petitioner throughout his case. On both grounds, Vondette cites this Court's numerous rulings made prior to, during, and after the trial as evidence of my impartiality, prejudice, and animus towards Petitioner.[4]

---

4.   Vondette argues that the following pre-trial actions by this Court establish personal bias, animus, and prejudice towards Petitioner: (1) this Court's characterization of the case as "complex"; (2) this Court's alleged "refusal" to conduct a suppression hearing; (3) this Court's delay in ruling on Petitioner's pre-trial motions; and (4) this Court's denial of Petitioner's bail motion on the grounds that the Petitioner was a threat to the community. Mot for Recusal at 11-13.
      Next, Vondette lists the following actions by this Court during the trial that evidence bias towards Petitioner: (1) removing the jury at various points during the trial; (2) making derogatory comments towards the Defendant in front of the jury; (3) permitting witnesses to offer perjured testimony; (4) forcing the Defendant to cross-examine cooperating witnesses without having the available exculpatory evidence provided by the government; (5) refusing to permit the Defendant to present the defense of multiple conspiracies and jurisdictional entrapment; (6) unnecessarily replacing a juror; and (7) permitting the

A. Recusal Under Section 455(a)

The circumstances of recusal are set forth in 28 U.S.C. § 455. Section 455(a) *requires* a judge to recuse himself "in any proceeding in which a judge's impartiality might reasonably be questioned." § 455(a). "The Second Circuit has interpreted this to be an inquiry of whether 'an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal, or alternatively whether a reasonable person knowing all the facts, would question the judge's impartiality.'" Hoatson v. New York Archdiocese, 2006 U.S. Dist. LEXIS 87877, at *24-25 (S.D.N.Y. Dec. 1, 2006) (citations omitted). In other words, "what matters is not the reality of bias or prejudice but its appearance." Liteky v. Untied States, 510 U.S. 540, 548 (1994). Examples of when recusal is appropriate under § 455(a) include "when a judge had expressed a personal bias concerning the outcome of a case, when a judge had direct personal or fiduciary interest in the outcome of a case, and when a judge had contemporaneous extrajudicial contact with a close relative of a party who has personal knowledge of outcome-determinative facts." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992) (citations omitted). However, recusal should be denied when the alleged grounds for disqualification include remote

---

prosecution to constructively amend the indictment. Mot. for Recusal at 58-59.

contingent speculation by the moving party. Hoatson, 2006 U.S. Dist. LEXIS 87877, at *25. In fact, "a judge is much obliged not to recuse himself when it is not called for as he is when it is." United States v. El-Gabrowny, 844 F. Supp. 955 (S.D.N.Y. 1995).

In support of his motion for recusal, Petitioner simply points to each of the decisions made throughout the lengthy history of this case, explains that he believes that the rulings made by this Court were incorrect or erroneous "as a matter or law," and concludes that therefore a reasonable person, when viewing the decisions in toto would question this Judge's impartiality. While this Court issued several rulings in his case that did not favor Petitioner, the existence of such adverse rulings combined with Petitioner's speculations may not reasonably support my mandatory recusal. Therefore, because Petitioner has failed to raise sufficient grounds from which this Court could conclude that a reasonable person would question this Judge's impartiality, Petitioner's motion for mandatory recusal under § 455(a) is **DENIED.**

      B.      Recusal Under Section 455(b)(1)

While § 455(a) *requires* a judge to recuse himself, § 455(b) is permissive and *permits* a judge to recuse himself if inter alia "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). Motions for permissive recusal must be

filed in accordance with 28 U.S.C. § 144. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

28 U.S.C. § 144 (2006). Pursuant to § 144, "the affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard . . . ." Id. This provision is construed to mean that motions for recusal must be made "at the earliest possible moment after obtaining facts demonstrating a basis for recusal." Lamborn v. Dittmer, 726 F. Supp. 510 (S.D.N.Y. 1989) (citing Apple v. Jewish Hosp. and Med. Ctr., 829 F.2d 326 (2d Cir. 1987)).

Unlike recusal under § 455(a), which addresses the *appearance* of impartiality, recusal motions under § 455(b)(1) address *actual* bias or prejudice. Liteky, 510 U.S. at 548. The disqualifying prejudice under § 455(b)(1) "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case." Lamborn, 726 F. Supp. at 515; see also El-Gabrowny, 844 F. Supp. at 959. Evidence of bias does not include rulings during the course of the case not premised upon extrajudicial knowledge or motives, "even if it is alleged that a

disproportionate number favor one side." Id.; see, e.g., United States v. Grinnell, 384 U.S. 563 (1966) (upholding denial of recusal motion when the trial judge's adverse attitudes towards the defendants were based on the judge's study of deposition testimony and briefs).

First, the timeliness of Petitioner's motion is open to serious question as Petitioner's motion was filed in July 2006, some five years since the conclusion of Petitioner's second trial, and two years after the Second Circuit ordered this Court to consider whether to resentence Petitioner. The facts giving rise to Petitioner's basis for recusal arose during the pendency of Petitioner's trial, which concluded some five years ago, long before Petitioner filed the instant recusal motion.

However, assuming Petitioner's motion for recusal is timely, the evidence which Petitioner cites as the basis for this Judge's bias or antagonism towards Petitioner is insufficient to justify recusal under § 455(b)(1). Petitioner points only to conduct and decisions of this Court made up to, during, and after Petitioner's trial. While it is possible that predispositions developed during trial can constitute a sufficient basis for a bias motion, such recusal motions are rarely successful. Liteky, 510 U.S. at 554. Petitioner argues that this is one of those rare occasions where a trial judge's antagonism and bias, formed during the course of the trial, can constitute sufficient grounds for recusal. However, this

argument fails as the Supreme Court explained that opinions formed during the course of the trial "must reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id. The Supreme Court has added that this "only occurs in the rarest of circumstances." Id.

Simply stated, this is not such a case. This Court's conduct and decisions during trial were not the result of bias or prejudice, but rather were the product of judicial discretion and decision-making. In fact, the Second Circuit, after holding that this Court's conduct did not deprive the Petitioner of a fair trial, stated that this Court's comments to the Petitioner during the trial were "necessary steps to maintain order in the courtroom." United States v. Vondette, 2003 U.S. App. LEXIS 17952 (2d Cir. Aug. 27, 2003). Therefore, because the Petitioner has failed to set forth any extrajudicial source for my alleged bias, and has failed to establish that the opinions formed up to, during, and after Petitioner's trial evidence such a high degree of favoritism and antagonism as to justify recusal, Petitioner's motion for recusal pursuant to § 455(b)(1) is **DENIED.**

II.     **Petitioner's Motion to Change Venue for his Section 2241 Petition**

Petitioner requests to transfer his habeas petition to another district court within the Eastern District, specifically, Brooklyn, New York. Vondette, who is currently incarcerated at the Metropolitan Detention Center ("MDC") in

Brooklyn, New York, is awaiting this Court's determination of his several motions, including this Court's decision whether to resentence Petitioner. Petitioner argues that because he is incarcerated in Brooklyn, his case should be transferred to a district court in Brooklyn "in the interest of justice."

Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a) (2006). The term jurisdiction is used in this context not in the sense of subject-matter jurisdiction, but rather refers to traditional principles of venue. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973); Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004). Thus, because the writ of habeas corpus acts upon the person who holds the detainee in what is alleged to be unlawful present confinement, jurisdiction for core habeas petitions "lies only in one district: the district of confinement." Padilla, 542 U.S. at 443 (emphasis added). In this case, Petitioner is confined in Brooklyn, New York, which lies within the Eastern District of New York and is also within the territorial jurisdiction of this Court. Therefore, this Court has jurisdiction over Vondette's habeas petition, and venue is appropriate in the Eastern District of New York.

Petitioner argues that while the Eastern District is the proper forum to bring his petition, his petition should be transferred to another court within this

district "in the interest of justice."  However, Petitioner cites no reasons why the interest of justice would support transferring the instant petition to another court within the Easter District.  In fact, "the interest of justice" is best served by this Court's determination of the instant petition. Vondette has several motions currently pending before this Court, including a motion for resentencing. Furthermore, this Court presided over both trials and has been intimately involved with Petitioner's case throughout its now ten-year history.

In sum, venue for the instant § 2241 petition is proper in the Eastern District of New York. Petitioner has not cited any reason why the interest of justice would be served by transferring his petition to a different court within the Eastern District, nor can this Court think of any reason why the petition should be transferred to a different court.  Therefore, Petitioner's motion to change venue for the instant § 2241 petition to a different court within the Eastern District is **DENIED.**  This Order will next address the merits of Vondette's § 2241 petition.

### III. Petitioner's Section 2241 Habeas Petition

Vondette filed the instant § 2241 petition seeking immediate release from custody on the grounds that his continued incarceration is unconstitutional. Alternatively, Vondette requests to be released on bail pending resentence in this Court.

Vondette's petition for release from prison is premised on two alternative

grounds. First, Vondette argues that his continued incarceration after the Supreme Court "vacated" the judgment in <u>Vondette v. United States</u>, 543 U.S. 1108 (2005), is unconstitutional. Vondette believes that when the Supreme Court ruled that the judgment was vacated and the case was remanded to the Second Circuit Court of Appeals for further consideration in light of <u>United States v. Booker</u>, the Supreme Court vacated his conviction and he was automatically entitled to a new trial or to be released.

This argument, however, must fail as Vondette misunderstands the Supreme Court's remand in his case. The Court simply sent Petitioner's case back to the Second Circuit to consider whether to remand Petitioner's sentence to this Court for resentencing in accordance with <u>Booker</u>. In considering Petitioner's sentence, the Second Circuit remanded Petitioner's case to this Court specifically to consider whether Petitioner preserved his Sixth Amendment objection and whether to apply a plain error or harmless error review. The Second Circuit clearly explained in <u>Crosby</u> that a sentencing remand to the district court will not be "for the purpose of a required resentencing, but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence." <u>Crosby</u>, 397 F.3d at 117. Thus, at this point, neither Petitioner's sentence nor his conviction have been vacated. Accordingly, Vondette's petition

to be released from custody on the grounds that his continued incarceration is unconstitutional must fail, as such argument is premised on a misapprehension of the remand in his case.

Alternatively, in the event this Court concludes Petitioner's continued incarceration is constitutional, Petitioner seeks to be released on bail pending his resentence. Vondette improperly brings this petition for bail under § 2241. Section 2241 may be invoked by a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2006). Although not stated explicitly in the statute itself, § 2241 has been limited to challenges to the *execution* of a federal sentence when the underlying conviction is not at issue. Carnona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction."); Robinson v. Atkinson, 2004 U.S. Dist. LEXIS 15762 (S.D.N.Y. Aug. 5, 2004). Section 2241 petitions are properly invoked when, for example, a prisoner wishes to challenge loss of good time credits, administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, and the type of detention and prison conditions." Jaminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). A petition to be released on bail pending resetence is not a challenge

to the execution of Petitioner's sentence and thus is not properly within the purview of § 2241.

However, because "[i]t is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to," Chambers v. Untied States, 106 F.3d 472 (2d Cir. 1997), Vondette's § 2241 petition is properly considered a motion to be released on bail pending resentence pursuant to 18 U.S.C. § 3143(a).[5] For the reasons stated above, Petitioner's sentence has not been vacated and until further order from this Court, petitioner is currently serving the term of his original sentence. Therefore, Vondette's petition to be released on bail is **DENIED**.

## CONCLUSION

For the foregoing reasons Petitioner's motion to recuse this District Court Judge and to change venue for purposes of his § 2241 habeas petition is hereby **DENIED.** Furthermore, Petitioner's § 2241 habeas petition for immediate release from custody or alternatively to be released on bail pending this Court's

---

5. Petitioner also argues that he should also be released on bail pursuant to 18 U.S.C. § 3143(b), which allows for the release of a prisoner pending appeal. However, this provision does not apply to Petitioner as petitioner has not filed an appeal or a petitioner for a writ of certiorari, as required by the statute. See § 3143(b).

determination of whether to resentence Petitioner is hereby **DENIED.**

SO ORDERED.

                                                                          /s/
                                                 Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       March 22, 2007